IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TERESA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2014-25 |
| ) | |
| SIBS, THE BISTRO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the application [DE 2] of *pro se* plaintiff Teresa Taylor to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and for initial screening of plaintiff's pleading pursuant to 28 U.S.C. § 1915(e)(2).[1]  The Court finds plaintiff has demonstrated her inability to pay the required court costs.  For the reasons below, the Court also finds the complaint sufficient to survive review under § 1915(e)(2).

### I.    FACTUAL ALLEGATIONS[2]

Plaintiff, a resident of Florida, brings this action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, in connection with her termination from defendant "Sibs, The Bistro."[3]  Specifically, the Court

---

[1]    Section 1915(a)(1) provides "any court of the United States may authorize the commencement . . . of any suit, . . ., civil or criminal, . . . , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (alteration in original); *see Leatherman v. Obama*, 2012 U.S. Dist. LEXIS 158682, at *3 n.1 (W.D. Pa. Oct. 22, 2012) (holding section 1915(a) is not limited to prisoner suits) (citing *Jones v. NATO*, 1998 U.S. Dist. LEXIS 3569, at *2 (E.D. Pa. Mar. 20, 1998)).

[2]    The Court derives the facts controlling its analysis from plaintiff's handwritten complaint and the exhibits attached thereto, including documentation filed with the Equal Employment Opportunity Commission.

[3]    The enforcement provision of Title VII permits actions by a claimant against an "employer, employment agency, labor organization, or joint labor-management committee" only.  42 U.S.C. § 2000e-5(b).  Title VII defines

construes plaintiff's complaint as asserting claims for pregnancy and sex discrimination, hostile work environment and retaliation.

Sibs on the Mountainside ("Sibs") and the Bistro at Tillett Gardens ("the Bistro") are restaurants located in St. Thomas, United States Virgin Islands. According to plaintiff, Ron Patrick and Robin Hitchcock are the owner and manager, respectively, of Sibs and the Bistro. [DE 1-2 at 12, 30]. Plaintiff began her employment as a waitress at both Sibs and the Bistro on February 23, 2013. [DE 1-2 at 6]. At the time of her hiring, plaintiff was pregnant – a fact known to her employer. [DE 1-2 at 7, 12]. Plaintiff alleges that she "had no problem performing [her] job as a server," "picked up at least two shifts a week to cover for other server[s]," and "ran food and performed the duties for bartenders and other servers and managers." [DE 1-2 at 12].

According to plaintiff, at some unspecified point, she was subjected to verbal abuse and threats, sexual harassment, and retaliation by a manager as well as co-workers because she was pregnant, refused to "succumb to extortion," challenged defendant's procedures for tipping bartenders, and had reported alleged drug-related crimes occurring on the premises of Sibs to the St. Thomas police department. Compl. Pt. III; [DE 1-2 at 6-8]. According to plaintiff, she was not paid minimum wage, was "never given breaks" and was "forced to work overtime." *Id*. She

---

an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e. Title VII does not allow suit against an individual defendant, regardless of the capacity in which the defendant is sued. *Parikh v. UPS*, 491 Fed. Appx. 303, 308 (3d Cir. 2012) (holding district court properly dismissed Title VII claims against employee's three former managers in their individual capacities); *Gretzula v. Camden County Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 484-85 (D.N.J. 2013) (noting a Third Circuit split on whether Title VII permits claims against an individual supervisor in his official capacity and holding an employee cannot bring a Title VII claim against an individual in his official capacity); *accord Weeks v. Leeward Islands Apothecaries*, 2011 U.S. Dist. LEXIS 13907, at *5-6 (D.V.I. Feb. 9, 2011) (dismissing discrimination claims against the owners in their official capacities and stating an official capacity suit is redundant where the employer is named as a defendant).

The caption of plaintiff's complaint identifies "Sibs, The Bistro" as the defendant. The body of plaintiff's complaint, however, names "Ron Patrick and Robin Hitchcock" as "[a]dditional defendants." *See* Compl. Pt. I(C). To the extent plaintiff seeks to bring Title VII claims against Patrick and Hitchcock in their individual or official capacities, plaintiff fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

*Taylor v. Sibs, The Bistro*
Civil No. 2014-25
Page 3

claims further that Patrick "inappropriately touched" her when he "grabbed a hold of [her] panties and asked what they were," and that a male bartender also inappropriately touched her. [DE 1-2 at 6]. Plaintiff states she reported incidents of abuse to her managers "[v]ia text message or cell phone calls." *Id*. Plaintiff states these abuses occurred at Sibs only and that she "did not have any problems working at the Bistro." *Id*.

On May 5, 2013, the "female bartender," identified as "Chris," fired plaintiff. *Id*. On an unspecified date thereafter, plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed a "Dismissal and Notice of Rights" form (a right-to-sue notice) to plaintiff on December 9, 2013. [DE 1-2 at 3]. Plaintiff alleges that she received the right-to-sue notice on December 30, 2013. Plaintiff filed the instant action on March 3, 2014, seeking $500,000.00 in damages.

## II.      STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'" *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-360 (D. Del. 2009) (alteration in original) (quoting

*Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks omitted). Finally, the remaining ground for dismissal under § 1915, immunity of the defendants, relates to the protection the law affords certain governmental entities and officials against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

Pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, this Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The principles requiring generous construction of *pro se* complaints are not without limits, however. Courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

**A. Plaintiff's Title VII claim is timely**

Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1). A plaintiff must bring a charge

with the EEOC by filing a complaint within 180 days of the incident, or within 300 days of the incident if state or local proceedings are initiated. 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims, it will issue a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(l). Title VII provides that a complainant has 90 days from the receipt of a right-to-sue letter to file an action in court. *Id*.; *see Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (stating "the 90-day period for filing the court action [is] treated as [a] statute[] of limitations"). "The filing of a charge with the [EEOC] by an aggrieved party and the receipt of a notice of the right to sue are jurisdictional prerequisites to a civil action under Title VII." *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978).

Here, the Court assumes plaintiff filed a timely charge, given the EEOC issued a right-to-sue letter. [DE 1-2 at 3]. Also, plaintiff alleges that she received her right-to-sue letter on December 30, 2013. Plaintiff's complaint, filed on March 3, 2014, is therefore timely.

**B.     Title VII Pregnancy Discrimination Claim**

Title VII, which prohibits employment discrimination on the basis of sex, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), equates discrimination based on pregnancy and related conditions with discrimination on the basis of sex. *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 684 (1983) (stating "discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex"). "The prohibition is breached wherever [sic] an employee's pregnancy [or related medical condition] is a motivating factor for the employer's adverse employment decision." *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008). "The PDA does not, however, require preferential treatment for

pregnant employees. Instead, it mandates that employers treat pregnant employees the same as non-pregnant employees who are similarly situated with respect to their ability to work." *Id*.

In order to state a claim for pregnancy discrimination under Title VII, a plaintiff must allege that: (1) she was pregnant and the employer knew it; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) there is some nexus between her pregnancy and the adverse employment action to raise an inference of discrimination. *Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 366 (3d Cir. 2008). The fourth element requires alleging that similarly situated, non-pregnant employees were treated more favorably or that a temporal proximity exists between the adverse employment action and the pregnancy. *Weightman v. Bank of N.Y. Mellon Corp.*, 772 F. Supp. 2d 693, 703 (W.D. Pa. 2011); *C.A.R.S. Protection Plus, Inc.*, 527 F.3d at 366.

Affording plaintiff a deferential examination of the allegations, the Court finds plaintiff states a cause of action for pregnancy discrimination under Title VII. Plaintiff contends defendant knew plaintiff was pregnant and identifies the adverse action. Plaintiff also includes factual allegations suggesting she was qualified for her position. As for the fourth element, the majority of the alleged problems with her supervisor and coworkers do not reasonably appear to have any relation to plaintiff's pregnancy. Instead, most allegations suggest these problems stemmed from plaintiff's actions upon learning of the alleged illegal drug use in the work place. That said, the complaint includes two allegations concerning plaintiff's pregnancy and her employment:

(1) The kitchen manager's ("Scottie") "threatening" comment, "[Y]ou need your job don't you[?]," after "looking down at [plaintiff's] pregnant stomache [sic];" and

(2) Chris' statement that "if [plaintiff] was too pregnant or [her] shoulders were too injured, . . . [she] should find something different to do."

[DE 1-2 at 7]. The complaint does not indicate the timing of the first statement. Nor does the complaint contain any allegations suggesting "Scottie" had any influence over plaintiff's firing. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) ("[S]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself" are insufficient to establish discriminatory intent). The second statement, however, occurred on the day plaintiff was terminated and was made by the person responsible for firing plaintiff. Accordingly, plaintiff has alleged facts suggesting her discharge occurred under circumstances giving rise to an inference of discrimination. *See C.A.R.S. Prot. Plus, Inc.*, 527 F.3d at 365 (noting "the Supreme Court has cautioned that the *prima facie* requirement for making a Title VII claim 'is not onerous' and poses 'a burden easily met'") (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

**C.     Title VII Hostile Work Environment Claim**

A hostile work environment is one "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotes omitted). To state a claim under Title VII for discrimination resulting from a hostile work environment, a plaintiff must allege that (1) she suffered intentional discrimination because of her sex, (2) the discrimination was severe or pervasive,[4] (3) the

---

[4]     The second element requires alleging that a plaintiff's workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (internal quotation marks and citation omitted). Whether conduct is "severe or pervasive" requires an assessment of the totality of the relevant circumstances, including such factors as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) a basis for employer liability exists under either a theory of vicarious or of direct liability.[5] *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

Liberally construing plaintiff's complaint, the Court finds plaintiff states a hostile work environment claim based on both her gender and her pregnancy. Plaintiff's allegations of (1) inappropriate touching by the male owner and a male bartender and (2) comments by Chris and the kitchen manager permit the inference that at least some the incidents of harassment of which she complains were because of her sex and pregnancy. Whether plaintiff adequately alleges the "severe or pervasive" element is a close call. "[S]imple teasing, off-hand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Nevertheless, the Court finds the incidents alleged are enough at the screening stage. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element") (citation & internal quotation marks omitted). Plaintiff's allegations that she

---

[5] As for the fifth element, an employer's liability for sexual harassment depends on whether the alleged harasser is the victim's supervisor or a co-worker. An employer is directly liable for a co-worker's unlawful harassment if the employer was negligent with respect to the offensive behavior. *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998). An employer is vicariously liable "to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Id*. at 807; *see Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2443 (2013) (stating a "supervisor" is an employee who the employer has empowered to "take tangible employment actions against the victim, i.e., to effect a significant change in employment status, such as . . . firing . . . ").

as not paid minimum wage, not allowed breaks and forced to work overtime satisfy the subjective and objective "detrimentally affected" elements. Finally, the allegations suggest direct and vicarious liability.

**D.  Title VII Retaliation Claim**

To state a claim of retaliation under Title VII, an employee must allege the following: (1) plaintiff engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *Motto v. Wal-Mart Stores East, LP*, 2014 U.S. App. LEXIS 6343, at *8 (3d Cir. Apr. 7, 2014) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)). "Protected activity" includes both participating in formal Title VII proceedings as well as opposing discrimination via informal protests, such as making a complaint to management.[6]  *See Moore*, 461 F.3d at 341.

While the complaint is far from a model of clarity, for screening purposes, the Court finds plaintiff has sufficiently alleged facts suggesting that her termination was a result of her complaints to Hitchcock regarding (1) sexual advances by Patrick and a male bartender and (2) inappropriate comments regarding her pregnancy.[7]

Because plaintiff is proceeding *pro se*, the Court takes this opportunity to inform plaintiff that she is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the

---

[6]  *See Goodall-Gaillard v. N.J. Dep't of Corr.*, 2014 U.S. Dist. LEXIS 86527, at *99 (D.N.J. June 24, 2014) (explaining formal proceedings include filing "formal charges, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII" while informal proceedings "encompass[] informal grievance procedures, informal protests, and making complaints to management about acts unlawful under Title VII").

[7]  While her complaint makes reference to an EEOC charge of discrimination, no factual allegations suggest that she filed this EEOC charge prior to her termination.

District Court of the Virgin Islands, and any relief sought must be in accordance with the applicable rules.[8]

### IV.  CONCLUSION

The premises considered, it is hereby ORDERED as follows:

(1)  Plaintiff's application to proceed *in forma pauperis* is ALLOWED;

(2)  Plaintiff shall prepare a summons (Form AO-440) in accordance with Federal Rule of Civil Procedure 4 and deliver the summons, along with two copies, to the Clerk of Court;[9]

(3)  Upon return of the properly prepared summons, the Clerk of Court is DIRECTED to issue the summons;[10] and

(4)  The United States Marshal is DIRECTED to serve the summons and a copy of the complaint on defendant pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and file proof of service with the Clerk of Court.[11]

**Dated:**  July 15, 2014                                      S\_____
                                                                                         **RUTH MILLER**
                                                                                         United States Magistrate Judge

---

[8]  A copy of the Court's local rules are available on the Court's website. *See* http://www.vid.uscourts.gov/sites/vid/files/local_rules/VID_LRCi_1-10-2014.pdf.

[9]  *See* http://www.vid.uscourts.gov/forms/ao440-summons-civil-action.

[10]  Section 1915(d) directs that "[t]he officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d); *see Crock v. Astrue*, 332 Fed. Appx. 777, 778 (3d Cir. 2009) (explaining a litigant proceeding *in forma pauperis* is not responsible for the service of process) (citing *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996)).

[11]  *See* FED. R. CIV. P. 4(c)(3) (explaining where a court authorizes a plaintiff to proceed *in forma pauperis* under § 1915, service must be "made by a United States marshal or deputy marshal or by a person specially appointed by the court"); *accord Crock*, 332 Fed. Appx. at 778 (stating the district court is "obligated" to order that the United States Marshal effectuate service).