```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

TERESA TAYLOR,                      )
                                    )
            Plaintiff,              )
                                    )
            v.                      )    Civil No. 2014-25
                                    )
RON PATRICK,                        )
                                    )
            Defendant.              )
                                    )
```

ATTORNEYS:

**Teresa Taylor**
   *Pro se plaintiff,*

**Treston E. Moore, Esq.**
Moore, Dodson & Russell, P.C.
St. Thomas, VI
   *For Sibs, The Bistro and Ron Patrick.*

## MEMORANDUM OPINION

GÓMEZ, J.

Before the Court is the motion of Ron Patrick to dismiss the claims against him for failure to state a claim.

### I. FACTUAL AND PROCEDURAL HISTORY

Teresa Taylor ("Taylor"), a pregnant woman, was previously employed at Sibs on the Mountainside ("Sibs") and The Bistro at Tillet Gardens ("The Bistro").

Taylor was hired on February 23, 2013. Taylor alleges that while working at Sibs, she was: not paid a minimum wage; forced to work unpaid for overtime; and not given breaks. She alleges

*Taylor v. Patrick*
Civil No. 2014-25
Memorandum Opinion
Page 2

that she was inappropriately touched by the owner of Sibs and by a male bartender. She also alleges that she was abused by other staff after refusing the sexual advances of the male bartender.

Taylor further alleges that illicit drugs were brought into and used at Sibs by employees and customers. She reported this activity to her manager.

Taylor also alleges that she was verbally harassed and bullied, physically confronted, and intimidated by other staff.

In May, 2013, Taylor's employment was terminated when another employee, Chris, discovered that Taylor was making written FBI and police reports. After Taylor was fired, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Subsequently, the EEOC closed its file on the charge and sent Taylor a right-to-sue notice.

On March 3, 2014, Taylor filed a complaint in this Court against Sibs, The Bistro; Ron Patrick ("Patrick"); and Robin Hitchcock ("Hitchcock").[1] She also filed a motion for leave to proceed *in forma pauperis*. On July 15, 2014, Taylor's motion for leave to proceed *in forma pauperis* was granted.

---

[1] The caption of that complaint identified Sibs, The Bistro as the defendant. Ron Patrick and Robin Hitchcock were named in the complaint as additional defendants. Ron Patrick is the owner of Sibs. Robin Hitchcock was Taylor's manager.

*Taylor v. Patrick*
Civil No. 2014-25
Memorandum Opinion
Page 3

    The Magistrate Judge then performed initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate found that the complaint adequately alleged: (1) a Title VII pregnancy discrimination claim; (2) a Title VII hostile workplace claim; and (3) a Title VII retaliation claim. The Magistrate also noted, however, that "[t]o the extent plaintiff seeks to bring Title VII claims against Patrick and Hitchcock in their individual or official capacities, plaintiff fails to state a claim on which relief may be granted." (ECF No. 3, at 2 n.3.) Shortly thereafter, process was served on "Ron Patrick, Sibs on the Mountainside." (ECF No. 6.)

    Sibs and The Bistro then entered limited appearances and filed a motion seeking to quash service of process. In their motion, Sibs and the Bistro asserted, in part, that they were separate entities, neither of which existed under the corporate names alleged in the complaint. The Magistrate granted the motion to quash and quashed service of process. The Magistrate permitted Taylor to file an amended complaint, naming the correct defendants.

*Taylor v. Patrick*
Civil No. 2014-25
Memorandum Opinion
Page 4

Taylor then filed an amended complaint (the "First Amended Complaint"). Patrick and Hitchcock are named as defendants in the First Amended Complaint.[2]

Thereafter, Patrick filed a motion to dismiss the claims against him for failure to state a claim.

## II.  DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir.2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

---

[2] The caption of the complaint identifies Patrick as the defendant. Hitchcock is named in the complaint as an additional defendant.

*Taylor v. Patrick*
Civil No. 2014-25
Memorandum Opinion
Page 5

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts " 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

> they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

### III. <u>ANALYSIS</u>

Patrick argues that the Title VII claims against him should be dismissed for failure to state a claim because: (1) the Magistrate previously dismissed him from the case; (2) Taylor did not allege that Patrick was engaged in interstate commerce or employed more than 15 employees; (3) Taylor did not exhaust her administrative remedies against him because he was not named in the EEOC Charge of Discrimination; and (4) Taylor has not stated a *prima facie* case for Title VII discrimination because she has not pled that she was "replaced by a member of a non-protected class or that someone in a non-protected class, otherwise similarly situated, was treated more favorably."

In the Magistrate Judge's order permitting Taylor to proceed *in forma pauperis*, the Magistrate stated that "[t]o the extent plaintiff seeks to bring Title VII claims against Patrick and Hitchcock in their individual or official capacities, plaintiff fails to state a claim on which relief may be granted." The Magistrate did not, however, order the dismissal of any claims against Patrick. Indeed, a Magistrate Judge lacks

*Taylor v. Patrick*
Civil No. 2014-25
Memorandum Opinion
Page 7

the authority to do so. *See* 28 U.S.C. § 636(c)(1)(A)(providing that a magistrate judge generally lacks authority to dismiss a cause of action for failure to state a claim). Moreover, the Court has not previously issued an order dismissing Patrick from this action. As such, the Court finds that Patrick was not previously dismissed from this action.

Turning to Patrick's other arguments, the Court will consider whether Taylor has adequately pled her Title VII claims against Patrick, in any capacity.

> Courts have consistently agreed that "title VII does not permit the imposition of liability upon individuals unless they meet ... [the] definition of 'employer.' " *Grant v. Lone Star Company, B.L.,* 21 F.3d 649, 652 (5th Cir.1994); *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2nd Cir.1995); *see also Dici v. Commonwealth of Pennsylvania,* 91 F.3d 542, 552 (3rd Cir.1996) (deciding that individual employees cannot be held liable under Title VII). Congress limited the liability under Title VII to employers with 'fifteen or more employees' in part to shield small businesses from having the burden of litigating discrimination claims. *Miller v. Maxwell's Intern., Inc.,* 991 F.2d 583, 587 (9th Cir.1993).

*Manns v. Leather Shop Inc.*, 960 F. Supp. 925, 928 (D.V.I. 1997).

"[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006)(holding that the number of employees is an element of the claim for relief, not a matter of

*Taylor v. Patrick*
Civil No. 2014-25
Memorandum Opinion
Page 8

subject matter jurisdiction). As such, a plaintiff must plead facts that plausibly suggest that a defendant employs fifteen employees and, therefore, is an employer as defined in Title VII. *Accord Zang v. W. Pennsylvania Teamsters & Employee Welfare Fund*, No. CIV.A. 14-1651, 2015 WL 3948243, at *2 (W.D. Pa. June 29, 2015).

Here, Taylor has not pled any facts that plausibly suggest (1) that any business for which Patrick worked employed fifteen or more employees; or (2) that Patrick himself employed fifteen or more employees. As such, she has failed to adequately plead a claim for relief against Patrick in his official or individual capacity. Accordingly, the Title VII claims against Patrick must be dismissed.[3]

It is evident that as the Complaint currently stands, Taylor's claims are deficient. Where a claim is subject to dismissal, district courts are instructed to provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The only exception to this general rule is where the district court finds that amendment would be

---

[3] Because the Court will dismiss the Title VII claims against Patrick, the Court need not reach the other issues raised by Patrick.

*Taylor v. Patrick*
Civil No. 2014-25
Memorandum Opinion
Page 9

inequitable or futile. *See id.* The Court does not find that amendment would be inequitable or futile here.

For the foregoing reasons, the Court will grant the motion to dismiss. The Court will also grant Taylor leave to amend her claims.

An appropriate Order follows.

                                                        S\_____
                                                        **Curtis V. Gómez**
                                                        **District Judge**