```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

TERESA TAYLOR,                   )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    Civil No. 2014-25
                                 )
RON PATRICK,                     )
                                 )
            Defendant.           )
                                 )
```

ATTORNEYS:

**Teresa Taylor**
  *Pro se plaintiff,*

**Treston E. Moore, Esq.**
Moore, Dodson & Russell, P.C.
St. Thomas, VI
  *For Sibs, The Bistro and Ron Patrick.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Teresa Taylor for an extension of time to file a second amended complaint.

### I.   FACTUAL AND PROCEDURAL HISTORY

Teresa Taylor ("Taylor") alleges that she was hired by The Bistro at Tillet Gardens ("The Bistro") to work at Sibs on the Mountainside ("Sibs"). She began working at Sibs on February 23, 2013. Taylor alleges that while working at Sibs, she was: not

paid a minimum wage; forced to work unpaid for overtime; and not given breaks. She alleges that she was inappropriately touched by the owner of Sibs and by a male bartender. She also alleges that she was abused by other staff after refusing the sexual advances of the male bartender.

In May, 2013, Taylor's employment was terminated when another employee discovered that Taylor was making written FBI and police reports. After Taylor was fired, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Subsequently, the EEOC closed its file on the charge and sent Taylor a right-to-sue notice.

On March 3, 2014, Taylor filed a complaint in this matter. In her complaint, Taylor alleges several violations of Title VII. The caption of the complaint identified "Sibs, The Bistro" as a defendant. The body of the complaint identified Ron Patrick ("Patrick") and Robin Hitchcock ("Hitchcock") as additional defendants.

Taylor also filed a motion for leave to proceed *in forma pauperis*. On July 15, 2014, the Magistrate Judge granted Taylor's motion for leave to proceed *in forma pauperis*. The Magistrate ordered Taylor to prepare summonses in accordance with Federal Rule of Civil Procedure 4 and deliver the summonses to the Clerk of Court.

Shortly thereafter, Taylor delivered a summons to the Clerk of Court. The summons was directed to "Sibs on the Mountainside, c/o Ron Patrick." ECF No. 4. The United States Marshals Service subsequently filed a Process Receipt and Return Form. The form indicated that the summons was personally delivered to "Ron Patrick, Sibs on the Mountainside." ECF No. 6.

Sibs and The Bistro then entered limited appearances and filed a joint motion seeking to quash service of process. In their motion, Sibs and The Bistro asserted that they were separate entities, neither of which existed under the corporate names alleged in the complaint. The Magistrate granted the motion to quash service of process. She permitted Taylor to file an amended complaint, naming the correct defendants. The Magistrate further ordered Taylor to prepare summonses for the defendants.

On April 8, 2015, Taylor filed an amended complaint. Taylor named Patrick as the defendant in the caption and body of the amended complaint. The body of the amended complaint names Robin Hitchcock as an additional defendant. Taylor did not name Sibs or The Bistro as defendants in the amended complaint. Thereafter, the Clerk of Court issued a summons for Patrick. The United States Marshals Service subsequently filed a Process

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 4

Receipt and Return Form indicating that the summons was personally delivered to Patrick.

On May 20, 2015, Patrick moved to dismiss the complaint. On March 23, 2016, the Court granted Patrick's motion. The Court held that Taylor had not adequately pled that Patrick was an "employer" for the purposes of a Title VII claim. Accordingly, the Court dismissed Taylor's claims against him.

Taylor was granted leave to file an amended complaint no later than 3:00 P.M. on March 31, 2016. In a document dated March 30, 2016, Taylor moved for an extension of time to file an amended complaint to the clerk. The Clerk of Court filed Taylor's motion on the docket on April 4, 2016.

In her motion, Taylor asserts that she did not receive a copy of the Court's March 23, 2016, order until March 30, 2016. As an employed single mother, Taylor claimed that she did not have sufficient time to amend her complaint. Taylor asked the Court to extend the filing deadline by 30 days.

## II.   DISCUSSION

Federal Rule of Civil Procedure 6 ("Rule 6") provides that "[w]hen an action may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 5

"At bottom, excusable neglect requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Kimberg v. Univ. of Scranton*, 411 Fed. App'x 473, 477 (3d Cir. 2010) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)). Rule 6's "excusable neglect" "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. v. Brunswick Associates Ltd.*, 507 U.S. 380, 392 (1993).

When considering whether neglect is "excusable," courts should consider "all relevant circumstances surrounding the party's omission." *Id.* at 395; *see also In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171 (3d Cir. 2000) (explaining that the excusable neglect "inquiry is essentially equitable and necessitates considering a situation's totality"). "While 'all relevant circumstances' are properly considered, the Supreme Court specifically delineated four factors."  *In re Cendant Corp. PRIDES Litig.*, 234 F.3d at 171. These factors include "the danger of prejudice" to the opposing party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted

in good faith." *Pioneer Inv. Servs.*, 507 U.S. at 395. The Third Circuit has also "considered the diligence of the moving party as well as whether the asserted inadvertence reflects either professional incompetence or an easily manufactured excuse incapable of verification by the court." *Kimberg*, 411 Fed. App'x at 477.

### III. ANALYSIS

**A. Taylor's Title VII Claims Against Hitchcock**

As an initial matter, the Court notes that its March 23, 2016, order touched only on Taylor's claims against Patrick. Federal Rule of Civil Procedure 10 provides that "[t]he title of the complaint must name *all* the parties." Fed. R. Civ. P. 10(a) (emphasis added). Nevertheless, "a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); s*ee, e.g.*, *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (explaining that failure to identify defendant in the caption of a complaint may be excused "if the allegations made in the body of the complaint make it plain that the party is intended as a defendant" (internal quotation marks omitted)).

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 7

The caption of Taylor's complaint names a single defendant: Patrick. In the "Parties" section of Taylor's complaint, however, she names Hitchcock as an "[a]dditional defendant[]." *See* ECF No. 15 at 1-2. While the "Statement of Claim" in the complaint does not mention either Patrick or Hitchcock, several of the documents attached to Taylor's complaint describe Hitchcock's actions as Taylor's supervisor. *See Fed. R. Civ. P.* 10(c) ("A copy of a written instrument that is an exhibit is a part of the pleading for all purposes."). Considering this in conjunction with Taylor's pro se status, the Court finds that Taylor intended to name Hitchcock as a defendant in this action.

Upon examination of the record, it does not appear that service was ever effected on Hitchcock. When a plaintiff has been granted leave to proceed *in forma pauperis*, "it is the district court's responsibility to serve process upon all defendants." *Jones v. Hashagen*, 419 Fed. App'x 141, 144 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992)). In those circumstances, the court "*must*" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added); *see also* 28 U.S.C. § 1915(d) ("The officers of the court

shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

To trigger that obligation on the part of the Court, an *in forma pauperis* plaintiff must "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which he ha[s] knowledge." *Jones*, 419 F. App'x at 144 (original alterations omitted) (quoting *Young*, 960 F.2d at 359); *see also Tagliamonte v. Wang*, 496 F. App'x 208, 211 (3d Cir. 2012) ("[A] plaintiff, upon becoming aware of a service defect, may not 'remain silent and do nothing to effectuate such service.'" (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). Moreover, an *in forma pauperis* plaintiff must also prepare the summons for the clerk of the court. See Fed. R. Civ. P. 4(b). The text of Rule 4(b) "makes clear that the responsibility for filling in the summons falls on the plaintiff, not the clerk of the court." Fed. R. Civ. P. 4, advisory committee's note, 1993 amendment; *see also Pierce v. Kyle*, 445 Fed. App'x 201, 202 (11th Cir. 2011) (explaining that Rule 4(b) and Rule 4(c)(1) "provide that the plaintiff, not the court, is responsible for initiating service"). Rule 4(b) provides no exception for *in forma pauperis* plaintiffs.

Here, the record shows that Taylor delivered a completed summons form for Patrick to the Clerk of Court. The Clerk of

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 9

Court issued the summons for Patrick on April 8, 2015. There is no indication in the record that Taylor prepared a summons or requested service on Hitchcock. It also does not appear that the failure to serve Hitchcock has been brought to Taylor's attention.

When faced with similar circumstances in the past, this Court has directed *in forma pauperis* plaintiffs, to the extent they wish to have service effected, to prepare a summons in accordance with Rule 4 and present the summons to the Clerk of Court. *See Riviere v. Dir. of the Puerto Rico/United States Virgin Islands High Intensity Drug Trafficking Areas Program*, No. 2012-50, 2016 WL 5923420, at *3 (D.V.I. Oct. 11, 2016). In the interests of judicial economy, however, the Court will first proceed to examine Tayor's claims against Hitchcock.

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915 ("Section 1915"). Section 1915 states that "the court *shall dismiss* the [*in forma pauperis*] case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Thus, "[a] federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if 'the action . . . fails to state a claim upon which relief may be granted.'" *Warner v. Pennsylvania*, 569 Fed.

App'x 70, 72 (3d Cir. 2014) (quoting *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also In re Clark*, 632 Fed. App'x 62, 63 (3d Cir. 2016) (discussing Section 1915's "grant of authority to the District Court to dismiss a complaint at any time, if proper under [Section] 1915(e)(2)(B)").

Because a district court may dismiss a deficient *in forma pauperis* complaint "at any time," dismissal for failure to state a claim is appropriate before service. *See Marin v. La Paloma Healthcare Ctr.*, 636 F. App'x 586, 587 (3d Cir. 2016) (explaining that "the appropriate time to make a decision to dismiss a case pursuant to . . . § 1915(e) is before service of a complaint" (alterations omitted)).

"The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops

short of the line between possibility and plausibility of entitlement of relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

It is well settled that "title VII does not permit the imposition of liability upon individuals unless they meet the definition of 'employer.'" *Manns v. Leather Shop Inc.*, 960 F. Supp. 925, 928 (D.V.I. 1997) (alterations omitted) (quoting *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994)). To be an "employer" for the purposes of Title VII, an individual must employ at least fifteen individuals. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) ("[W]e

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

note that Congress had previously expressed its concern about the impact of Title VII litigation on small businesses when it excluded businesses with fewer than fifteen employees from the definition of an 'employer.' It is reasonable to infer that Congress's concern in that regard applies as well to individuals.").

"[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). "As such, a plaintiff must plead facts that plausibly suggest that a defendant employs fifteen [or more] employees and, therefore, is an employer as defined in Title VII." *Taylor v. Patrick*, No. CV 2014-25, 2016 WL 1171528, at *3 (D.V.I. Mar. 23, 2016).

As with her claims against Patrick, Taylor did not plead any facts that plausibly suggest (1) that any business for which Hitchcock worked employed fifteen or more employees; or (2) that Hitchcock herself employed fifteen or more employees in his individual capacity. Because Taylor has not adequately pled that Hitchcock was an "employer," Taylor has failed to establish a necessary element of her Title VII claims against Hitchcock. Accordingly, the Court will dismiss Taylor's claims against Hitchcock for failure to state a claim.

### B. Taylor's Motion for an Extension of Time to File an Amended Complaint

The Court will next consider whether to grant Taylor an extension of time to amend her Title VII claims against Patrick. To that end, the Court is guided by the four factors enunciated in *Pioneer Inv. Servs. v. Brunswick Associates Ltd.*, 507 U.S. 380 (1993). The four factors the Court must consider are "(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.'" *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 319 (3d Cir. 2012) (quoting *Ragguette v. Premier Wines & Spirits, Ltd.,* 424 Fed.Appx. 155, 156-57 (3d Cir.2011)).

### 1. The Prejudice to the Opposing Party and Movant's Good Faith

Taylor's motion is unopposed. Further, nothing in the record indicates that Taylor was motivated by bad faith in requesting additional time to file an amended complaint. Aside from having to continue defending the case, it also does not appear that any of the defendants would suffer prejudice if the court were to grant Taylor additional time to file an amended

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 15

complaint. Accordingly, the first and fourth factors weigh in favor of granting Taylor an extension.

### 2. The Length of the Delay

The length of the delay is measured from the original deadline to the time the movant files their request for an extension of time. *See Ragguette*, 691 F.3d at 332. Generally, delays of only a few days are considered minor. *See M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016), as amended (Nov. 18, 2016) ("[T]he length of the delay and its potential impact on the proceedings were minimal. The delay was only for two days; we have found far longer delays excusable . . . ."); *Coniglio v. Bank of Am., NA*, 638 F. App'x 972, 975 (11th Cir. 2016) (holding that "length of delay was small" where defendant "moved to set aside the default judgment mere days after its entry"); *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (finding that three day delay was "minimal"). Here, Taylor's delay was only four days. As such, this factor weighs in favor of granting an extension.

### 3. The Reason for the Delay

As the reason for her delay, Taylor asserts that the Court's March 23, 2016, order "was not available in [Public Access to Court Electronic ("PACER")] until March 30, 2016."

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 16

Because she "lives in Florida, is employed, and is a single parent," Taylor asserts that she did not have sufficient time to comply with the Court's March 23, 2016, order.

"[I]t is widely accepted that neglect due to a busy schedule is not excusable." *Harrington v. City of Chicago,* 433 F.3d 542, 548 (7th Cir.2006); *see also Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010) (holding that fact that "counsel was occupied with other hearings does not constitute excusable neglect"); *United States v. Dumas,* 94 F.3d 286, 289 (7th Cir.1996) ("'Excusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule."). Delays arising out of malfunctions in electronic filing systems, however, may be an adequate reason for a finding of excusable neglect. *See Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (holding that, in the absence of bad faith or prejudice to the opposing party, "a malfunction in the electronic court filing (ECF) system" established excusable neglect). Furthermore, "[a] party's *pro se* status is a factor that a court may consider when determining whether there has been excusable neglect." *AGF Marine Aviation & Transp. v. Cassin*, No. CIV 2001-49, 2007 WL 309948, at *3 (D.V.I. Jan. 22, 2007), *aff'd*, 544 F.3d 255 (3d Cir. 2008). While "*pro se* litigants are not excused from compliance with procedural

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 17

rules," *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), a litigant's *pro se* status may merit consideration where the litigant "claim[s] difficulty accessing court documents." *Serfess v. Equifax Credit Info. Servs.*, No. 13-406 (RBK/JS), 2016 WL 6562040, at *2 (D.N.J. Nov. 4, 2016); *see also Parikh v. United Parcel Serv., Inc.*, No. CIV.A. 09-1652 DMC, 2012 WL 1134912, at *2 (D.N.J. Apr. 3, 2012).

Given (1) Taylor's *pro se* status; (2) her difficulty obtaining this Court's March 23, 2016, order; and (3) the condensed timeline within which Taylor had to comply with the March 23, 2016, order, the Court will grant Taylor an extension of time to amend her claims against Patrick.

The premises considered, it is hereby

**ORDERED** that the Title VII claims against Robin Hitchcock are **DISMISSED**; it is further

**ORDERED** that, no later than March 22, 2017, Taylor shall, to the extent she wishes to do so, amend her complaint to remedy the defects identified in this order and the defects identified in the Court's March 23, 2016, Memorandum Opinion; and it is further

*Taylor v. Patrick*
Civil No. 2014-25
Order
Page 18

**ORDERED** that, if Taylor fails to file an amended complaint as required by this order, this action may be dismissed.

S\_____
    **Curtis V. Gómez**
    **District Judge**